UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| DALE STOHR and MGG INVESTMENT GROUP LP,<br><br>                      Petitioners,<br><br>-against-<br><br>AARON HALL, KATHERINE GLOD, and JEFFREY BINDER, on behalf of themselves and all others similarly situated,<br><br>                      Respondents. | Case No. 1:24-mc-00569 (JLR)<br><br>**MEMORANDUM OPINION AND ORDER** |

JENNIFER L. ROCHON, United States District Judge:

On December 9, 2024, Dale Stohr and MGG Investment Group LP ("MGG") (together, "Petitioners"), initiated this miscellaneous action, seeking an order quashing nonparty subpoenas served on them by Aaron Hall, Katherine Glod, and Jeffrey Binder, on behalf of themselves and all others similar situated (collectively, "Respondents"), in connection with a pending RICO class action (the "*Hall* Litigation") in the United States District Court for the Eastern District of Michigan, *Hall v. Trivest Partners L.P.*, No. 22-cv-12743 (E.D. Mich. filed Nov. 13, 2022). *See* Dkt. 1. On December 17, 2024, Respondents moved to transfer Petitioners' motion to quash to the Eastern District of Michigan. *See* Dkt. 15. For the reasons set forth below, the Court grants Respondents' motion to transfer and does not reach the merits of Petitioners' motion to quash.

## BACKGROUND

On November 13, 2022, Respondents initiated the *Hall* Litigation in the Eastern District of Michigan, asserting various claims in connection with allegedly defective solar-panel systems. *See generally* Complaint, *Hall*, No. 22-cv-12743 (E.D. Mich. Nov. 13, 2022), ECF No. 1; First Amended Complaint, *Hall*, No. 22-cv-12743 (E.D. Mich. Nov. 29, 2024),

ECF No. 96, *as reprinted in* Dkt. 1-1 at 5-54.  On October 29, 2024, Respondents served nonparty subpoenas on Petitioners — who had a business relationship with the entity that sold the solar-panel systems at issue in the *Hall* Litigation, *see* Dkt. 5 ("Pet. Br.") at 1; Dkt. 16 ("Resp. Br.") at 4 — seeking the production of documents and to depose Stohr.  Dkt. 1-1 at 55-59, 61-66.

On December 9, 2024, Petitioners moved this Court, pursuant to Federal Rule of Civil Procedure ("Rule") 26 and Rule 45(d)(3)(A), to quash these subpoenas to "prevent the harassment that would result" from Petitioners' compliance.  Pet. Br. at 1; *see id.* at 8-11 (arguing that the requested production is irrelevant and unduly burdensome); *see* Dkt. 1.  On December 20, 2024, Respondents filed their opposition to Petitioners' motion to quash, Dkt. 20, and on December 30, 2024, Petitioners filed a reply in further support of their motion, Dkt. 22.

On December 17, 2024, Respondents moved this Court, pursuant to Rule 45(f), to transfer Petitioners' motion to quash to the Eastern District of Michigan.  Dkt. 15.  They argue, among other things, that transferring Petitioners' motion will prevent disruption to the *Hall* court's management of the underlying litigation in light of the case's complexity and procedural posture.  *See* Resp. Br. at 16.  On January 7, 2025, Petitioners filed their opposition to Respondents' motion to transfer, Dkt. 23 ("Pet. Opp."), and on January 14, 2025, Respondents filed a reply in further support of their motion, Dkt. 24.[1]

---

[1] Petitioners requested oral argument via a notation on their brief.  The Court declines this request because the parties' briefing was sufficient and oral argument would not materially assist the Court.  *See Dotson v. Griesa*, 398 F.3d 156, 159 (2d Cir. 2005) ("[A] district court acts well within its discretion in deciding dispositive motions on the parties' written submissions without oral argument.").

2

## DISCUSSION

"On timely motion," Rule 45 requires "the court for the district where compliance is required" to quash or modify a subpoena that imposes an "undue burden" on a nonparty. Fed. R. Civ. P. 45(d)(3)(A)(iv); *see Hughes v. Twenty-First Century Fox, Inc.*, 327 F.R.D. 55, 58 (S.D.N.Y. 2018) ("Whether a subpoena imposes an undue burden depends on 'such factors as relevance, the need of the party for the documents, the breadth of the document request, the time period covered by it, the particularity with which the documents are described and the burden imposed.'" (quoting *United States v. Int'l Bus. Mach. Corp.*, 83 F.R.D. 97, 104 (S.D.N.Y. 1979))). Neither party disputes that this District is the place of compliance for the subpoenas at issue. *See generally* Pet. Br.; Resp. Br.

"When the court where compliance is required did not issue the subpoena, it may transfer a motion [to quash] to the issuing court . . . if the court finds exceptional circumstances." Fed. R. Civ. P. 45(f). "[F]amiliarity with the case alone is insufficient to constitute exceptional circumstances," *Drummond Co. v. VICE Media LLC*, No. 21-mc-00859 (AJN), 2022 WL 445681, at *2 (S.D.N.Y. Feb. 14, 2022) (citing *Cadence Pharms., Inc. v. Multisorb Techs., Inc.*, No. 16-mc-00022, 2016 WL 4267567, at *5 (W.D.N.Y. Aug. 15, 2016)), but "transfer may be warranted in order to avoid disrupting the issuing court's management of the underlying litigation, as when that court has already ruled on issues presented by the motion," *Brown Rudnick, LLP v. Off. Comm. of Unsecured Creditors*, No. 24-mc-00057 (PAE), 2024 WL 756311, at *1 (S.D.N.Y. Feb. 23, 2024) (quoting Fed. R. Civ. P. 45(f) advisory committee's notes to 2013 amendment)); *accord Abercrombie & Fitch Trading, Co. v. Beauty Encounter, Inc.*, No. 24-mc-00009 (LJL), 2024 WL 308097, at *1 (S.D.N.Y. Jan. 26, 2024).

The Court finds that exceptional circumstances exist here that warrant transferring Petitioners' motion to quash to the Eastern District of Michigan. "Courts in this District have 'transferred similar motions to the issuing court where the issuing court . . . has already set out a discovery schedule in the underlying action, and to serve the interests of justice and judicial efficiency.'" *Hilb Grp. of N.Y., LLC v. Associated Agencies, Inc.*, No. 23-mc-00264 (LJL), 2023 WL 5183690, at *1 (S.D.N.Y. Aug. 10, 2023) (quoting *Full Circle United, LLC v. Bay Tek Ent., Inc.*, 581 F. Supp. 3d 523, 525 (S.D.N.Y. 2022)). The *Hall* Litigation has been pending for over two years and discovery is ongoing. *See* Case Management Order (Phase I) at 1, *Hall*, No. 22-cv-12743 (E.D. Mich. May 20, 2024) (setting fact-discovery deadline of February 10, 2025), ECF No. 56. Accordingly, "judicial economy . . . favors transfer of the current motion" to avoid "the obvious risk of 'disrupting the issuing court's management of the underlying litigation,' by disrupting potential discovery and other case management deadlines" that have already been set. *Brown Rudnick, LLP*, 2024 WL 756311, at *2 (quoting Fed. R. Civ. P. 45(f) advisory committee's notes to 2013 amendment).

Moreover, the *Hall* Litigation is a nationwide class action that purportedly "includes thousands of members," Dkt. 1-1 at 40, and an amount in controversy in the millions of dollars, *id.* at 11. Transfer is appropriate in cases of such complexity and duration. *See, e.g.*, *Abercrombie & Fitch Trading, Co.*, 2024 WL 308097, at *2 (transferring subpoena-related motion under Rule 45 where underlying action was complex and "ha[d] been ongoing for nearly a year, so the issuing court [was] 'intimately familiar with the history and complex facts of the current litigation'" (quoting *Drummond Co.*, 2022 WL 445681, at *2)); *Brown Rudnick, LLP*, 2024 WL 756311, at *2 (transferring motion to quash subpoena where underlying proceeding involved millions of dollars and "more than 50 parties in interest"); *cf. Drummond Co*, 2022 WL 445681, at *2 (transferring subpoena-related motion under Rule 45

where issuing court was "familiar with the history and complex facts of the . . . litigation," whereas the reviewing court's "knowledge [was] limited to . . . briefs filed in connection with the current motion").

The Court finds that these considerations "outweigh the interests of the [Petitioners] in obtaining local resolution of the motion." *EB Holdings II, Inc. v. Am. Int'l Grp., Inc.*, No. 22-mc-00070 (ER), 2022 WL 748098, at *1 (S.D.N.Y. Mar. 11, 2022) (quoting Fed. R. Civ. P. 45(f) advisory committee's notes to 2013 amendment). Notably, Petitioners do not provide any "evidence indicating that transfer of the[ir] motion to quash . . . would result in any burden to [them]," *Am. Plan Adm'rs v. S. Broward Hosp. Dist.*, No. 21-mc-02663 (KAM) (TAM), 2021 WL 6064845, at *4 (E.D.N.Y. Dec. 22, 2021), nor do they identify any interest they have in obtaining resolution of their motion in this District. *See generally* Pet. Opp. Respondents represent, and Petitioners do not dispute, that "the *Hall* court has been holding all hearings virtually" and that "Petitioners' counsel has virtually appeared at all of the *Hall* proceedings and has never had to travel to the Eastern District of Michigan." Resp. Br. at 9; *see* Pet. Opp. at 6. This underscores the minimal burden, if any, that Petitioners would face litigating their motion in the Eastern District of Michigan. *Cf. Am. Plan Adm'rs*, 2021 WL 6064845, at *4 (transferring motion to quash where the issuing court was holding hearings remotely, which meant petitioners' "burden of litigating the case in [the issuing court] would likely be identical" to their local burden).

## CONCLUSION

Because the Court finds that exceptional circumstances exist that warrant transfer pursuant to Rule 45(f), the Court GRANTS Respondents' motion to transfer Petitioners' motion to quash. The Clerk of Court is respectfully directed to TRANSFER Petitioners'

motion to quash to the Eastern District of Michigan, terminate all pending motions, and close the case.

Dated: January 21, 2025
      New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

6